IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda Leffman, *et al.*,                                                     Case No. 3:04CV7222

                Plaintiff

     v.                                                                              ORDER

Sprint Corporation,

                Defendant

      This is a sex discrimination case. Plaintiff Linda Leffman alleges that defendant Sprint Corporation denied her Special Early Retirement benefits because she took maternity leave. Jurisdiction exists pursuant to 18 U.S.C. § 1331. Pending are Sprint's motion to dismiss Leffman's complaint as untimely and Leffman's counter-motion for summary judgment.

      For the following reasons Sprint's motion will be granted, rendering Leffman's motion moot.

### Background

      Leffman began working for United Telephone Company of Ohio, now a wholly owned subsidiary of Sprint, on February 23, 1973. As an operator, Leffman was a member of a union and eligible for the company pension plan.

      Leffman became pregnant in 1976 and took maternity leave from May 15, 1976, until August 18, 1976. Pursuant to the collective bargaining agreement (CBA) in place at the time, Leffman could not use sick or disability time for her maternity leave but had to take a personal leave of absence.

      When Leffman returned to work, her supervisor informed her that her maternity leave would not count as credited service. Under the pension plan, credited service is time Sprint uses to determine the level of benefits to which an employee is entitled when she retires. In addition, the

pension plan provides that an employee's credited service partially controls whether an employee is eligible for Special Early Retirement. Leffman signed a statement acknowledging Sprint's decision not to include her maternity leave as credited service.

Leffman became pregnant again in 1978 and again took a maternity leave, which Sprint again did not count as credited service.

A year later Congress enacted the Pregnancy Discrimination Act (PDA), amending Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e, *et seq*. The PDA clarified Title VII to make clear that the law barred discrimination on the basis of pregnancy. Subsequently, Sprint amended its contract with plaintiff's union to include maternity leave as credited sick or disability time. Leffman took two more maternity leaves following the amendment, both of which Sprint included as credited service.

In 1986, Sprint negotiated a settlement with the Equal Employment Opportunity Commission (EEOC). Pursuant to the settlement, Sprint gave its female employees credit for maternity leaves taken after January, 1977. At the time, Leffman asked whether she would receive credit for her 1976 maternity lave. Sprint informed her she would not.

Thirteen years later, in 1999, Sprint decided to close its Lima, Ohio, business office and eliminate the jobs of its Lima employees as part of a reduction in force. Leffman was one of the employees Sprint laid off.

Sprint's pension plan contains a unique provision for Special Early Retirement benefits to employees terminated because of a reduction in force, whose age plus years of credited service total seventy-five. Leffman, having been laid off, expected to be eligible for these benefits.

Sprint added Leffman's age and credited service, which did not include the time spent during her 1976 maternity leave. Sprint did not recalculate Leffman's credited service to include the period of the 1976 maternity leave.

On the basis of its computation, Sprint determined that plaintiff was not eligible for Special Early Retirement benefits.

Plaintiff contends that, had Sprint included her 1976 maternity leave as part of her credited service, she would have qualified for Special Early Retirement benefits, Leffman filed a charge of pregnancy discrimination with the EEOC in December, 2000.

## Discussion

To establish a prima facie case of sex discrimination based on pregnancy, a plaintiff must show: 1) she was pregnant; 2) she was qualified for her job; 3) she was subjected to an adverse employment decision; and 4) there is a nexus between her pregnancy and her adverse employment decision. *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir. 2000). Put simply, there is no factual dispute about any of these elements. Leffman was pregnant, qualified for her job, denied pension benefits, and Sprint would not have denied her those benefits but for her pregnancy.

Sprint, however, contends Leffman's claim alleges only the present effects of its 1976 decision to deny her credited service for her maternity leave. Because the present effects of past discrimination are not, in themselves, actionable, *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 560 (1977), Sprint argues Leffman's claim is untimely.

Sprint is correct that its 1976 conduct is no longer actionable, but Leffman does not only seek to litigate the present effects of Sprint's past discrimination. Rather, she challenges the company's 2000 application of the pension plan to deny her Special Early Retirement benefits. Because her

claim arises out of this more recent conduct, Leffman argues, her cause of action did not arise until Sprint denied her benefits under the plan. 42 U.S.C. § 2000e-5(e)(2).

Sprint's 2000 conduct, however, is not actionable because the company merely applied neutral provisions of a bona fide pension plan. 42 U.S.C. § 2000e-2(h); *Cox, v. City of Memphis,* 230 F.3d 199, 204-5 (6th Cir. 2000); *Ameritech Benefit Plan Comm. v. Commc'n Workers of America,* 220 F.3d 814, 823 (7th Cir. 2000). That statute provides, in part:

> [I]t shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority or merit system . . . provided that such differences are not the result of an intention to discriminate because of race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(h).

The dispositive question is whether in 2000 Sprint simply applied facially neutral provisions of its pension plan that gave effect to prior discrimination. *Anderson v. City of Bristol,* 6 F.3d 1168, 1175 (6th Cir. 1993) (citation omitted). If that is the case, Sprint's 2000 conduct is not actionable. *Id.*

Leffman argues Sprint's pension plan does not fall within § 2000e-2(h)'s protection because the company had discretion whether to credit employees with service during leaves of absence. Consequently, she claims, when Sprint denied her Special Early Retirement benefits it did not only apply facially neutral provisions, but made an affirmative choice not to include her 1976 maternity leave as credited service. In support, Leffman relies on § 3.01(b) of the CBA, which provides: "Credited service may be granted for any period, not in excess of two years, during which an employee is on an approved leave of absence pursuant to Section 3.01(e)." She claims this provision grants Sprint the discretion to include her 1976 maternity as credited service. Leffman contends Sprint chose not to exercise this discretion and therefore did not merely apply facially neutral

provisions of the pension plan. She argues, consequently, § 2000e-2(h) does not insulate Sprint from liability.

Other provisions of the CBA, however, indicate Sprint did not have the discretion on which plaintiff relies. Section 3.01(e) provides that the decision to credit an employee with service during a leave of absence is to be made concurrently with the decision to approve the leave itself. Sprint, therefore, only had discretion prior to Leffman's maternity leave; its 2000 conduct was, consequently, simply an application of a facially neutral pension plan. As a result, Sprint's 2000 conduct is not actionable. 42 U.S.C. § 2000e-2(h).

**Conclusion**

Because Leffman cannot bring a cause of action based on either Sprint's 1976 conduct nor for its 2000 conduct, defendant's motion to dismiss will be granted.

In light of the foregoing, it is

ORDERED THAT:

Sprint's motion to dismiss plaintiff's claim shall be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge